# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARLENE JOHNSON, : No. 3:10cv1922
    Plaintiff :
: (Judge Munley)
v. :
:
MECHADYNE MACHINE, INC., :
    Defendant :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for resolution is a dispute between the parties about a confidentiality agreement to cover discovery in this case.

**Background**

This case arises from an injury suffered by Plaintiff Darlene Johnson on March 5, 2009 while working for First Quality Non-Wovens in Hazleton, Pennsylvania. (Complaint, Exh. A to Notice of Removal (Doc. 1) at ¶ 18). Plaintiff alleges that a staging conveyor manufactured by Defendant Mechadyne Machinery malfunctioned while she was cleaning it. (Id.). The malfunction caused a portion of the machine to begin moving, and that movement caused the conveyor to fall on plaintiff's elbow, "crush[ing], trap[ping] and pin[ning]" plaintiff's arm and resulting in serious and permanent injuries. (Id.). Plaintiff contends that her injuries were a result of defendant's negligence in designing and installing the conveyor, as well as in providing warnings regarding use of the product. (Id. at ¶ 21). She also raises a

strict products liability claim and a breach-of-warranty claim. (Id. at ¶¶ 25, 35).

Plaintiff filed her complaint in the Court of Common Pleas of Luzerne County, Pennsylvania. Defendant then removed the case to this court and answered the complaint. The parties began engaging in discovery, and the instant dispute arose. Defendant, after being served with discovery requests, objected to producing some of the requested documents. The defendant asserted that the material was sensitive and proprietary and should be subject to a confidentiality agreement. Plaintiff declined to enter into such an agreement without first being allowed to view the allegedly sensitive material. Plaintiff contacted the court. After conducting a telephone conference with the parties, the court ordered each side to file a brief on the issue of whether a confidentiality agreement should apply to this case. The parties filed those briefs, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a Pennsylvania citizen. Defendant is a Georgia corporation with its principal place of business in that state. The amount in controversy exceeds $75,000. Because the court is sitting in diversity, the law of Pennsylvania shall apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

The dispute here is over whether entry of a confidentiality agreement is

2

appropriate in this matter. Plaintiff complains that defendant will not produce documents unless the parties enter into a confidentiality agreement, and that acceding to such an arrangement would mean that "documents which Defendant unilaterally considers to be confidential will be produced with numerous limitations on Plaintiff's ability to use these documents." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Protective Order (Doc. 17) at 1). Defendant, plaintiff complains, has not provided any specific reasons for seeking confidentiality of particular documents, and thus no opportunity to object to those grounds has appeared. Defendant responds that it has no objection to producing such documents, but simply seeks to prevent those documents from being subject to public disclosure. The documents that defendant seeks to protect consist of "drawings, product specifications and pricing information" at "the core of [defendant's] business." (Defendant Mechadyne Machine, Inc.'s Memorandum Supporting the Entry of a Protective Order (Doc. 18) at 2).

A party seeking confidentiality "has the burden of showing that there is good cause for it." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005). Indeed, the Third Circuit Court of Appeals has identified a number of factors to consider in determining whether a protective order should issue:

> (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether the embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing the information among litigations would promote fairness and

3

> efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Arnold v. Pennsylvania, 477 F.3d 105, 108 (3d Cir. 2007). Were the plaintiff to challenge a confidentiality designation assigned by the defendant, the burden would lie with the defendant to use these factors and show good cause for a protective order.

At this point, the dispute here is over categories of documents, rather than particular documents. Defendant has not attempted to claim that a particular drawing, plan, or customer list should be subject to a protective order, but has instead suggested that some of the material plaintiff has requested should be subject to such an order. The defendant has also agreed that such material, if potentially relevant, should be provided for use in this litigation. Defendant merely seeks to have that material subject to an agreement between the parties that prevents public disclosure. Such an agreement would also presumably have a mechanism by which plaintiff could challenge any confidentiality designations that appeared inappropriate.

The court does not have particular documents before it that defendant claims are subject to a protective order and thus the court cannot at this point rule that any document should be so subject. The court agrees, however, that the categories of materials cited by the defendant are the types of materials that should be subject to a protective order preventing disclosure of the material outside of this litigation. Drawings, plans and pricing strategies are all proprietary materials vital to the continuation of defendant's business and should not be broadcast to the general

4

public and potential competitors, even if that material is relevant to the litigation at hand and thus subject to discovery. The court concludes that the best way to resolve this dispute is for the parties to craft a confidentiality agreement that covers this litigation. That agreement should contain provisions to cover disputes over the propriety of a confidentiality claim. Those provisions should allow recourse to the court in the event the parties cannot agree on whether a document should remain confidential. Such agreements are common in these types of actions, and the court is confident that counsel for both sides can craft a mutually satisfactory system for providing confidential material.

As such, the court will order the parties to meet and craft a confidentiality agreement covering discovery in this case. Should the parties fail to come to an agreement on procedures to establish confidentiality for documents, the court will chose between agreements submitted to the court by each side. The court emphasizes that no decision has yet been made on any disputes over a protective order for any particular document, as no particular document has come before this court. At this point, no document is definitely covered by a protective order.

**Conclusion**

For the reasons stated above, the court will order the parties to craft a confidentiality agreement to cover documents produced in discovery in this litigation. The parties will have twenty days to develop such an agreement. If they cannot mutually agree on terms, each side shall submit a proposed agreement to the court,

5

and the court will choose between them.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARLENE JOHNSON,** | : | No. 3:10cv1922 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **MECHADYNE MACHINE, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 17th day of December 2010, the parties are hereby **ORDERED** to meet and confer on establishing a confidentiality agreement to cover material produced in discovery on this case. The parties shall establish such an agreement within twenty (20) days of the date of this order. Should the parties fail to agree on procedures for establishing confidentiality, each side shall submit a set of proposed procedures within thirty (30) days of the date of this order. The court will then choose one of those two proposed agreements to apply to the case.

                          **BY THE COURT:**

                          **s/ James M. Munley**
                          **JUDGE JAMES M. MUNLEY
                          UNITED STATES DISTRICT COURT**